[Cite as *State v. Harrison*, 2023-Ohio-1618.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                     CASE NO. 8-22-34

      v.

KANDALE L. HARRISON,                   O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No.  CR 18 03 0091

Judgment Affirmed

Date of Decision:  May 15, 2023

APPEARANCES:

      *William T. Cramer* for Appellant

      *Eric C. Stewart* for Appellee

**ZIMMERMAN, J.**

**{¶1}** Defendant-appellant, Kandale L. Harrison ("Harrison"), appeals the August 25, 2022 judgment of the Logan County Court of Common Pleas denying his motion to suppress. For the reasons that follow, we affirm.

**{¶2}** On April 18, 2018, Harrison was indicted by the Logan County Grand Jury in a multi-count indictment on the following criminal charges: Count One for trafficking in cocaine under R.C. 2925.03(A)(1), (C)(4)(a), a fifth-degree felony; Count Two for having weapons under disability under R.C. 2923.13(A)(3), (B), a third-degree felony, with a forfeiture specification; Count Three for improper handling of a firearm in a motor vehicle under R.C. 2923.16(B), (I), a fourth-degree felony, with firearm and forfeiture specifications; Count Four for carrying a concealed weapon under R.C. 2923.12(A)(2), (F)(1), a fourth-degree felony, with firearm and forfeiture specifications; Count Five for having weapons under disability under R.C. 2923.13(A)(3), (B), a third-degree felony, with firearm and forfeiture specifications; Count Six for possession of cocaine under R.C. 2925.11(A), (C)(4)(b), a fourth-degree felony, with firearm and forfeiture specifications; Count Seven for trafficking in cocaine under R.C. 2925.03(A)(2), (C)(4)(c), a fourth-degree felony, with firearm and forfeiture specifications; Count Eight for receiving stolen property, under R.C. 2913.51(A), (C), a fourth-degree felony, with a firearm specification; and Count Nine for engaging in a pattern of

corrupt activity under R.C. 2923.32(A)(1), (B)(1), a first-degree felony, with forfeiture specifications. Harrison tendered not-guilty pleas to all of the criminal charges.[1]

{¶3} On April 4, 2019, Harrison filed a motion to suppress evidence challenging law enforcement's execution of the arrest warrant on March 5, 2018. (Doc. No. 178). Harrison argued that the arrest warrant was facially invalid since it did not bear the signature of the judge who issued the warrant, and thus he argued that it did not comport with Crim.R. 4(A). The trial court held motion hearings on April 17 and September 10, 2019. On October 16, 2019, the trial court granted Harrison's motion and suppressed all evidence obtained from his person and vehicle on March 5, 2018.[2]

{¶4} We reversed the judgment of the trial court and remanded the matter for further proceedings consistent with our opinion after concluding that we did not need to determine whether the unsigned-arrest warrant was valid since we concluded that the good-faith exception applied.

---

[1] This court recited much of the factual and procedural background of this case in a previous appeal, *State v. Harrison*, 3d Dist. Logan No. 8-19-48, 2020-Ohio-3920, ¶ 2-11, and the Supreme Court of Ohio also recited that same factual and procedural background in *State v. Harrison*, 166 Ohio St.3d 479, 2021-Ohio-4465, ¶ 2-10. Consequently, we will not duplicate those efforts here.

[2] The trial court determined in an "Opinion and Findings" that the arrest warrant was defective since it was unsigned at the time of execution under Crim.R. 4(A). (Doc. No. 254). The trial court further found that the good-faith exception did not apply since the arrest warrant was so facially defective that it was not objectively reasonable for a law-enforcement officer to rely upon the legitimacy of the warrant.

**{¶5}** Harrison then filed a memorandum in support of jurisdiction in the Supreme Court of Ohio raising two propositions of law for review. Ultimately, the Supreme Court of Ohio accepted jurisdiction over Harrison's discretionary appeal as to both propositions of law. The Supreme Court affirmed our judgment, albeit for a different reason than was expressed in our opinion and the cause was remanded to the trial court for further proceeding.[3]

**{¶6}** After remand, Harrison (through counsel) filed a motion captioned as "Motion for Reconsideration to Suppress Evidence; Motion In Limine" on May 31, 2022. (Doc. No. 283). This motion requested that the trial court consider whether there was probable cause to issue the GPS tracking-device warrant placed on the vehicle that Harrison was driving. (*Id.*). On August 24, 2022, the State filed its response to the Harrison's motion. Thereafter, the trial court denied Harrison's motion to suppress on the merits.

**{¶7}** On September 21, 2022, Harrison pleaded *no contest* to Counts One, Five, Seven, and the forfeiture specifications under Count Seven. (Doc. No. 328). In exchange for his change of pleas, the State agreed to dismiss Counts Two, Three Four, Six, and Eight as well as all other specifications. (*Id.*). Then, the trial court found Harrison guilty of the charges against him and dismissed the remaining counts

---

[3] The Supreme Court determined that the arrest warrant was facially valid and thus expressed no opinion regarding whether the good-faith exception applies under the circumstances of the appeal since they were not confronted with an *invalid*-arrest warrant. *Harrison*, 166 Ohio St.3d 479, 2021-Ohio-4465, at ¶ 45.

and specifications in the indictment. (Sept. 21, 2022 Tr. at 32); (*Id.*). The parties' plea agreement also contained a joint-sentencing recommendation. (Sept. 21, 2022 Tr. at 16, 32). The trial court adopted the joint-sentencing recommendation in its entirety without deviation, and thus, Harrison was sentenced to 12 months under Count One, 36 months under Count Three, and 18 months under Count Seven. (*Id.* at 33-35). Those sentences were ordered to be served concurrently to one another with an aggregate sentence of 36 months in prison. (*Id.* at 36). However, that 36-month aggregate sentence was ordered to be served consecutively to the sentence imposed in Logan County Common Pleas Court in case number CR20-12-0290.

{¶8} Harrison filed a timely appeal and raises one assignment of error for our review.

### Assignment of Error

**Appellant's Federal and State constitutional rights to be free of unreasonable searches and seizures was violated when the trial court refused to suppress evidence arising from a search warrant that was not supported by probable cause.**

{¶9} In his sole assignment of error, Harrison argues that the trial court erred by denying his motion to suppress. Specifically, Harrison asserts that the tracking-device warrant was not supported by probable cause.

*Standard of Review*

{¶10} "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the

role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.* "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

*Analysis*

{¶11} The Supreme Court of Ohio has held that "when police attach a GPS tracking device to a suspect's vehicle, it is a search implicating the protections of the Fourth Amendment." *State v. Johnson*, 141 Ohio St.3d 136, 2014-Ohio-5021, ¶ 39, citing *U.S. v. Jones*, 565 U.S. 400, 404, 132 S.Ct. 945, 949.

{¶12} "Ohio Law vests only judges with the authority to issue [tracking-device] warrants." *State v. Harrison*, 2021-Ohio-4465, at ¶ 30, citing Crim.R. 41(A). Crim.R. 41 governs the issuance of tracking-device warrants and provides in its pertinent parts:

> (A) Authority to issue warrant. Upon the request of * * * a law enforcement officer:
>
> * * *.
>
> (2) A tracking device warrant authorized by this rule may be issued by a judge of a court of record to install a tracking device within the court's territorial jurisdiction. The warrant may authorize use of the

device to track the movement of a person or property within or outside of the court's territorial jurisdiction, or both.

* * *.

(B)   Issuance and contents.

(1)   A warrant shall issue on either an affidavit or affidavits sworn to before a judge of a court of record or an affidavit or affidavits communicated to the judge by reliable electronic means establishing the grounds for issuing the warrant. * * *. *In the case of a tracking device warrant, the affidavit shall name or describe the person to be tracked or particularly describe the property to be tracked, and state substantially the offense in relation thereto, state the factual basis for the affiant's belief that the tracking will yield evidence of the offense.* If the affidavit is provided by reliable electronic means, the applicant communicating the affidavit shall be placed under oath and shall swear to or affirm the affidavit communicated.

(2)   If the judge is satisfied that probable cause exists, the judge shall issue a warrant identifying * * * the person or property to be tracked. The warrant may be issued to the requesting * * * law enforcement officer through reliable electronic means. The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished. * * *.

(Emphasis added.)  Crim.R. 41(A)-(C).

{¶13} Here, Harrison challenges the trial court's determination of probable cause.  Specifically, he argues that the affidavit of Brent Joseph ("Det. Joseph"), a detective with the Logan County Joint Drug Task Force, was insufficient to support the issuance of a tracking-device warrant since it did not contain information

regarding the reliability of the confidential informant ("CI"), thus, rendering the affidavit invalid.

**{¶14}** Significantly, the Fourth Amendment to the United States Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." *See also* Section 14, Article I of the Ohio Constitution (containing the identical language). "Probable cause 'means less than evidence which would justify condemnation,' so that only the 'probability, and not a prima facie showing of criminal activity is the standard of probable cause.'" *State v. Gonzales*, 3d Dist. Seneca Nos. 13-13-31 and 13-13-32, 2014-Ohio-557, ¶ 18, quoting *State v. George*, 45 Ohio St.3d 325, 329 (1989).

> In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."

*George* at paragraph one of the syllabus, quoting *Illinois v. Gates*, 462 U.S. 213, 238-239, 103 S.Ct. 2317, 2332 (1983). Generally, "neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause." *Id.* at paragraph two of the syllabus, citing *Gates*. "In conducting

any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, * * * appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." *Id.*, citing *Gates*.

{¶15} Here, the trial court first noted the presumption of validity afforded the probable-cause affidavit supporting a tracking-device warrant. Then, the trial court concluded that there was probable cause to issue the warrant based upon Det. Joseph's *personal observations* of Harrison alone. Specifically, Det. Joseph observed Harrison engage in a controlled-drug buy with the CI. Further, the probable-cause affidavit herein also identified the name of the person to be tracked and described with particularity the property to be tracked. Moreover, the probable-cause affidavit stated substantially the offense and the factual basis for Det. Joseph's belief that the tracking device would yield evidence of the offense based upon his personal observations.

{¶16} Consequently, considering the totality of the circumstances, we conclude that the information regarding the reliability of the CI is immaterial to the trial court's determination of probable cause since the trial court determined that there was probable cause based upon Det. Joseph's observations and not based upon information provided by the CI.

**{¶17}** Since we have concluded that the trial court did not err in its probable-cause determination and thus issued a valid tracking-device warrant, we leave questions of whether it implicates the exclusionary rule and whether the good-faith exception applies for another day. Accordingly, we conclude that the trial court did not err by denying Harrison's motion to suppress.

**{¶18}** Therefore, Harrison's sole assignment of error is overruled.

**{¶19}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**